UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                 :
SHOE YORK, LLC and STEPHEN KLUBACK,  :
                 :
         Plaintiffs,       :
                 :     1:10-cv-7738 (RPP)
      -against-         :
                 :     ECF CASE
BRIAN BETSCHART,          :
                 :
         Defendant.    :
------------------------------------------------------------X

**PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIMS**

     Plaintiffs Stephen Kluback ("Kluback") and his wholly owned limited liability company, Shoe York, LLC (with Kluback, "Plaintiffs"), through their undersigned counsel, and for their reply to the counterclaims (the "Counterclaims") alleged in the Answer, Affirmative Defenses and Counterclaims filed by Defendant Brian Betschart ("Defendant") dated May 26, 2011, respectfully state as follows:

**Preliminary Statement**

     1.    Plaintiffs deny the allegations stated in paragraph 1 of the Counterclaims.

     2.    Plaintiffs admit to the allegation stated in paragraph 2 of the Counterclaims. For the sake of clarity, Plaintiff Kluback signed said revenue sharing agreement (the "Agreement") on October 10, 2008.

     3.    Plaintiffs admit that the Plaintiffs and Defendant (collectively, the "Parties") agreed to share in the revenue of ShoeYork.com and Sneakerfiles.com (collectively the "Sites") pursuant to the terms provided in the Agreement, but deny the remainder of the allegations stated

in paragraph 3 of the Counterclaims and refer to the Parties' Agreement for a full and complete statement of its terms.

4. Plaintiffs deny the allegations stated in paragraph 4 of the Counterclaims.

5. Plaintiffs admit that Defendant founded SneakerFiles, deny knowledge or information to form a belief concerning the allegation that Defendant did so in 2006, and deny the remainder of the allegations stated in paragraph 5 of the Counterclaims.

6. Plaintiffs admit that the Parties had discussions regarding their respective web sites, admit that the Parties discussed arrangements whereby (among other things) Plaintiffs would enhance the commercial viability of SneakerFiles, deny that paragraph 6 of the Counterclaims is a full and complete statement of the terms of the Parties' discussions or of the terms of the Agreement that the Parties reached, refer the Court to the Parties' Agreement for a full and complete statement of the terms of the Agreement, and otherwise deny the allegations stated in paragraph 6 of the Counterclaims.

7. Plaintiffs deny the allegations stated in paragraph 7 of the Counterclaims.

8. Plaintiffs deny the allegations stated in paragraph 8 of the Counterclaims.

9. Plaintiffs deny knowledge or information sufficient to form a belief as to the allegation that Defendant would spend a great deal of time "smoothing things over with advertisers" and otherwise deny the allegations stated in paragraph 9 of the Counterclaims.

10. Plaintiffs deny the allegations stated in paragraph 10 of the Counterclaims.

11. Plaintiffs deny the allegations stated in paragraph 11 of the Counterclaims.

12. Plaintiffs deny the allegations stated in paragraph 12 of the Counterclaims.

13. Plaintiffs admit that Defendant signed a revenue sharing agreement in September 2008 and returned it to Plaintiffs, but otherwise deny the allegations stated in paragraph 13 of the Counterclaims.

14. Plaintiffs admit that Defendant transferred to Plaintiffs between $6,500 and $10,000 in 2008, but otherwise deny the allegations stated in paragraph 14 of the Counterclaims.

15. Plaintiffs admit that Plaintiff Kluback sent Defendant a revised revenue sharing agreement in or around early October 2008, refer the Court to the accompanying email message dated October 6, 2008 for a full and complete statement of the message that accompanied the revised draft, admit that Defendant signed the revised Agreement on October 8, 2008, and otherwise deny the allegations stated in paragraph 15 of the Counterclaims.

16. Plaintiffs admit that Defendant signed the revised revenue sharing agreement on October 8, 2008, but otherwise deny the allegations stated in paragraph 16 of the Counterclaims.

17. Plaintiffs admit that both contracts were revenue sharing agreements and admit that the revised agreement provided for a term of 5 years as opposed to 3 years, but otherwise deny the allegations stated in paragraph 17 of the Counterclaims.

18. Plaintiffs admit to the allegation stated in paragraph 18 of the Counterclaims but deny that paragraph 18 sets forth a full and complete statement of the terms of the Parties' Agreement, and refer the Court to the Agreement for a full and complete statement of its terms.

19. Plaintiffs admit the allegation that Defendant paid Plaintiffs his specified revenue share from SneakerFiles each month according to Plaintiffs' accounting through about March 15, 2010, but otherwise deny the allegations stated in paragraph 19 of the Counterclaims and aver that during for all periods described in Plaintiffs' Complaint, including but not limited the period

3

between the date the Agreement was executed through about March 15, 2010, Defendant owes Plaintiffs money for all ways and means Defendant was unjustly enriched by Plaintiffs.

20. Plaintiffs deny the allegations stated in paragraph 20 of the Counterclaims.

21. Plaintiffs deny the allegations stated in paragraph 21 of the Counterclaims.

22. Plaintiffs deny the allegations stated in paragraph 22 of the Counterclaims.

23. Plaintiffs deny knowledge or information to form a belief as to the allegation that Defendant grew frustrated with Plaintiffs, deny that Defendant had any justifiable grounds upon which to do so, and otherwise deny the allegations stated in paragraph 23 of the Counterclaims.

24. Plaintiffs admit they signed contracts in Shoe York's name, admit that some revenue generated by SneakerFiles was sourced into Plaintiff Shoe York's bank account, aver that all money sourced into Plaintiff Shoe York's bank account was accounted for pursuant to the Agreement and in accordance with monthly account statements that were drafted by Plaintiffs, acknowledged by Defendant and then distributed to the Parties pursuant to the Agreement, and otherwise deny the allegations stated in paragraph 24 of the Counterclaims.

25. Plaintiffs deny the allegations stated in paragraph 25 of the Counterclaims.

26. Plaintiffs deny the allegations stated in paragraph 26 of the Counterclaims.

27. Plaintiffs deny the allegations stated in paragraph 27 of the Counterclaims.

28. Plaintiffs deny the allegations stated in paragraph 28 of the Counterclaims.

29. Plaintiffs deny the allegations stated in paragraph 29 of the Counterclaims.

30. Plaintiffs deny the allegations stated in paragraph 30 of the Counterclaims.

31. Plaintiffs admit that Defendant asked for an accounting on Thursday, April 22, 2010, aver that the same request was not reasonable as required by the Agreement, refer the Court to an e-mail message dated April 22, 2010 for a full and complete statement of the same

request, refer the Court to the Parties' Agreement for a full and complete statement of its terms, deny the allegation that Plaintiffs refused to provide an accounting, aver that Plaintiffs did not provide an accounting because Defendant failed to pay Plaintiffs for revenue due them in April 2010 and because Defendant locked Plaintiffs out of SneakerFiles in March 2010, aver that Plaintiffs retained counsel and that the requested accounting was discussed among the Parties' counsel in the context of an effort to settle the Parties' disputes and Plaintiffs' grievances over Defendant's misconduct, aver that Plaintiffs agreed to provide the requested accounting upon Defendant's agreement (in exchange) to provide Plaintiffs with the passwords to relevant Sites from which Defendant had improperly excluded Plaintiffs, aver that Plaintiffs then provided the requested accounting but that Defendant (upon receipt of the accounting) reneged on its agreement and continued to exclude Plaintiffs from access to the Sites, and deny the remaining allegations stated in paragraph 31 of the Counterclaims.

## FIRST COUNTERCLAIM

32. Plaintiffs incorporate by reference their responses to paragraphs 1 through 31 above as if fully restated herein.

33. Plaintiffs admit the allegations stated in paragraph 33 of the Counterclaims and aver, for the sake of clarity, that the Parties' Agreement is attached as Exhibit A to the Complaint.

34. Plaintiffs admit that the Parties' Agreement involved Sites that the Parties had previously owned and operated, refer the Court to the Agreement for a full and complete statement of its terms, and otherwise deny the allegations stated in paragraph 34 of the Counterclaims.

35. Plaintiffs deny the allegations stated in paragraph 35 of the Counterclaims.

36. Plaintiffs deny the allegations stated in paragraph 36 of the Counterclaims.

37. Plaintiffs deny the allegations stated in paragraph 37 of the Counterclaims.

38. Plaintiffs deny the allegations stated in paragraph 38 of the Counterclaims.

39. Plaintiffs deny the allegations stated in paragraph 39 of the Counterclaims.

40. Plaintiffs deny the allegations stated in paragraph 40 of the Counterclaims.

## SECOND COUNTERCLAIM

41. Plaintiffs incorporate by reference their responses to paragraphs 1 through 40 above as if fully restated herein.

42. Plaintiffs deny the allegations stated in paragraph 42 of the Counterclaims and incorporate their responses to the allegations set forth in paragraph 24 of the Counterclaims.

43. Plaintiffs deny the allegations stated in paragraph 43 of the Counterclaims.

44. Plaintiffs deny the allegations stated in paragraph 44 of the Counterclaims.

45. Plaintiffs deny the allegation stated in paragraph 45 of the Counterclaims.

## THIRD COUNTERCLAIM

46. Plaintiffs incorporate by reference their responses to paragraphs 1 through 45 above as if fully restated herein.

47. Plaintiffs deny the allegations stated in paragraph 47 of the Counterclaims.

48. Plaintiffs deny the allegations stated in paragraph 48 of the Counterclaims, except that Plaintiffs admit that the Defendant signed the Agreement.

49. Plaintiffs deny the allegations stated in paragraph 49 of the Counterclaims.

50. Plaintiffs deny the allegations stated in paragraph 50 of the Counterclaims.

51. Plaintiffs deny the allegations stated in paragraph 51 of the Counterclaims.

52. Plaintiffs deny the allegations stated in paragraph 52 of the Counterclaims.

## FOURTH COUNTERCLAIM

53. Plaintiffs incorporate by reference their responses to paragraphs 1 through 52 above as if fully restated herein.

54. Plaintiffs admit to the allegation stated in paragraph 54 of the Counterclaims, and aver for the sake of clarity, that a copy of the Parties' Agreement is attached as Exhibit A to the Complaint.

55. Plaintiffs deny that paragraph 55 of the Counterclaims is a full and complete statement of the terms of the Parties' Agreement, refer the Court to the Agreement for a full and complete statement of its terms, and otherwise deny the allegations set forth in paragraph 53 of the Counterclaims.

56. Plaintiffs deny the allegations stated in paragraph 56 of the Counterclaims.

57. Plaintiffs deny the allegations stated in paragraph 57 of the Counterclaims.

58. Plaintiffs deny the allegations stated in paragraph 58 of the Counterclaims.

59. Plaintiffs deny the allegation stated in paragraph 59 of the Counterclaims.

60. Plaintiffs deny the allegations stated in paragraph 60 of the Counterclaims.

61. Plaintiffs deny the allegation stated in paragraph 61 of the Counterclaims.

## FIFTH COUNTERCLAIM

62. Plaintiffs incorporate by reference their responses to paragraphs 1 through 61 above as if fully restated herein.

63. Plaintiffs admit that Defendant signed a form of revenue sharing agreement in September 2008, but otherwise deny the allegations stated in paragraph 63 of the Counterclaims.

64. Plaintiffs admit that Plaintiff Kluback sent Defendant a revised revenue sharing agreement in or around early October 2008, refer to the Court the accompanying email message

dated October 6, 2008 for a full and complete statement of the message that accompanied the transmission, and otherwise deny the allegations stated in paragraph 64 of the Counterclaims.

65. Plaintiffs admit that the revised agreement included a 5-year term as opposed to a 3-year term, but otherwise deny the allegations states in paragraph 65 of the Counterclaims.

66. Plaintiffs deny the allegations stated in paragraph 66 of the Counterclaims.

67. Plaintiffs deny the allegations stated in paragraph 67 of the Counterclaims.

68. Plaintiffs deny the allegations stated in paragraph 68 of the Counterclaims

69. Plaintiffs deny the allegations stated in paragraph 69 of the Counterclaims.

## SIXTH COUNTERCLAIM

70. Plaintiffs incorporate by reference their responses to paragraphs 1 through 69 above as if fully restated herein.

71. Plaintiffs deny the allegations stated in paragraph 71 of the Counterclaims and incorporate their responses to paragraph 24 of the Counterclaims.

72. Plaintiffs deny the allegations stated in paragraph 72 of the Counterclaims.

73. Plaintiffs deny the allegations stated in paragraph 73 of the Counterclaims.

74. Plaintiffs deny the allegations stated in paragraph 74 of the Counterclaims.

## FIRST AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

The Counterclaims fail to state a cause of action.

## SECOND AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

The Counterclaims are barred by the doctrines of waiver, estoppel and acquiescence.

## THIRD AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

The Counterclaims alleging breach of contract are barred not only because they are without merit but also due to Defendant's prior breaches.

### FOURTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

The Counterclaims alleging fraud are barred not only because they are without merit but also due to Defendant's ratification of the Agreement.

### FIFTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

The Counterclaims seeking damages and/or an accounting are barred by Defendant's prior acceptance of accounts stated.

### SIXTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

The Counterclaims seeking damages and/or an accounting are barred by the doctrines of accord and satisfaction.

### SEVENTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

The Counterclaims seeking damages are barred and/or such damages should be reduced by reason of Defendant's own misconduct which contributed to or caused any damages alleged by Defendant.

### EIGHTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

The Counterclaims seeking damages are barred and/or such damages should be reduced due to a failure to mitigate damages.

### ADDITIONAL DEFENSES TO COUNTERCLAIMS

Plaintiffs reserves any and all other defenses to the Counterclaims and reserves the right to amend this Reply to assert all other defenses that may be available to Plaintiffs and/or that may be discovered upon the disclosure of additional facts.

WHEREFORE, Plaintiffs respectfully request that the Counterclaims be dismissed and that Plaintiffs be awarded with costs, disbursements, attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
       June 20, 2011

                                                     Respectfully submitted,

                                                   THE LAW OFFICE OF ANTAR P. JONES

                              By:    /s/     Antar P. Jones_____
                                                    Antar P. Jones (AJ 8567)
                                                    444 Grand Avenue, #1
                                                    Brooklyn, NY 11238
                                                    e-mail: antar@antarlaw.com
                                                    Telephone (718) 636-2270
                                                    Facsimile (718) 636-2272

                                                   *Attorney for Plaintiffs*