**MEMO ENDORSED**



# The Law Office of Antar P. Jones

*A Professional Limited Liability Company*

444 Grand Avenue, Suite #1 ▪ Brooklyn, NY 11238

Phone: (718) 636-2270 ▪ Fax: (718) 636-2272

August 3, 2011

**VIA FACSIMILE**

The Honorable Robert P. Patterson
United States District Judge
Courtroom 24A
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*Application granted. The parties will attend a court conference on August 17, 2011 at 9:30 AM. So ordered. Robert P. Patterson USDJ 8/3/11*

Re: **Shoe York, LLC and Stephen Kluback v. Brian Betschart**
    **Index # 1:10 cv-7738(RPP)**

Dear Honorable Judge Patterson:

Pursuant to a conversation with a staff member of Your chamber, Mary Cilliffo, please find attached a report of the parties' counsel pursuant to Rule 26(f) (the "Report").

If you have any questions or concerns regarding this letter or the Report, please do not hesitate to call.

Respectfully submitted,

Antar P. Jones, Esq.

cc:   Kaiser Wahab
      Olivera Medenica
      Natalie Sulimani
      Benjamin Nahoum

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/11
```

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
SHOE YORK, LLC and STEPHEN KLUBACK    :
:
               Plaintiffs,    :
:    1:10-cv-7738 (RPP)
   -against-    :
:    ECF CASE
BRIAN BETSCHART,    :
:
               Defendant.    :
------------------------------------------------------------X

## REPORT OF THE PARTIES' PLANNING MEETING

1. The following persons participated in a Rule 26(f) conference on July 21, 2011 between 3 PM and 4:15 PM and on July 25 between 11 AM and 12:15 PM at 116 West 23rd Street, Suite 500, New York, New York, 10011. Some of the persons participated in person and some of the persons participated by telephone conference call. Some of the individuals who participated by conference call did not participate for the entire meeting. Counsel for plaintiffs and defendant stipulated and agreed that the Rule 26(f) conference ended on July 25, 2011 for statute of limitations purposes.

   a. Antar P. Jones, Esq., The Law Office of Antar P. Jones, PLLC, in person,
   b. Andrew N. Berg, Esq., Debevoise & Plimpton LLC, by telephone conference call for most of the meeting occurring on July 21, 2011 and for the entire meeting on July 25, 2011, and
   c. Jonathan Metallo, Summer Associate, Debevoise & Plimpton LLC, in person,

   Representing plaintiffs Shoe York, LLC and Stephen Kluback ("Plaintiffs"), and

   d. Natalie Sulimani, Esq., The Sulimani Law Firm, in person
   e. Benjamin Nahoum, Esq., The Sulimani Law Firm, in person, and
   f. Trevor McCann, Esq., by telephone conference call for part of the meeting occurring on July 21, 2011,

   Representing defendant, Brian Betschart ("Defendant").

2. Initial Disclosures. The Parties will complete initial disclosures required by Rule 26(a)(1) by August 8, 2011.

Form 52 Potential Changes.docx
Revised Form 52.docx
Submission to Defendant's Counsel, v.2

3. Discovery Plan. The parties propose the following discovery plan:

   a. Discovery will be on issues that survived Defendant's Motion to Dismiss, namely, breach of contract and unjust enrichment. Discovery will also be on issues addressed as Defendant's counterclaims.

   b. Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery.

      i. Plaintiffs and Defendant (the "Parties") agreed to file Interrogatories pursuant to Rule 33, Requests for Entering onto Land, for Inspection and Other Purposes pursuant to Rule 34 and Requests for Admissions pursuant to Rule 36 by September 2, 2011.

      ii. The Parties agreed that objections to the above requests shall be filed by October 2, 2011. The Parties agreed that the Parties shall produce all requested documents by November 2, 2011.

      iii. The Parties agreed that their respective Privilege Logs shall be presented to the respective adversary counsel by November 2, 2011. Objections to the Privilege Logs, if any, shall be filed by November 16, 2011.

      iv. The Parties agreed that the Parties shall be allowed to correct any Interrogatory or Request for Admissions answered, documents produced, etc. between November 3 and November 16, 2011.

      v. The Parties agreed to conduct any and all depositions between November 17 and December 9, 2011.

   c. Maximum Number of Interrogatories. The Parties agreed, pursuant to Rule 33, to present a maximum of twenty-five ("25") interrogatories to the adversary.

   d. Maximum Number of Requests for Admissions. The Parties agreed that each party may request a maximum of sixty ("60") Requests for Admissions from the respective adversary. As stated above, responses for said Requests for Admissions are due by no later than November 2, 2011.

   e. Maximum Number of Depositions. The Parties agreed that each party may use a maximum of ten ("10") depositions.

   f. Limits on the Length of Depositions. The Parties agreed that the maximum length of each deposition shall be seven ("7") hours.

   g. Dates for Exchanging Reports of Expert Witnesses. The Parties agreed to discuss dates for exchanging expert witnesses at the time of the scheduling conference.

2

4. Dates for Supplementations under Rule 26(e). The Parties agreed to supplement their respective document disclosures by November 16, 2011. The Parties agreed to supplement disclosures after depositions have concluded until December 23, upon which date discovery shall end. The Parties agreed that they would discuss by the time of the Court's scheduling conference described in Section 5(a) hereunder whether depositions can or cannot be supplemented.

5. Other Items:

   a. Meeting with the Court. The Parties respectfully request to meet with the Court before a scheduling order on August 17, 2011, or alternatively on August 22, 2011.

   b. Requested Dates for Pretrial Conferences. The Parties respectfully request to meet with the Court for a pretrial conference on January 20, 2011.

   c. Final Dates for the Plaintiffs to Amend Pleadings or to Join Parties. The Parties have agreed that the final dates for Plaintiffs to amend pleadings or to join parties shall be January 6, 2012. The Defendant shall have one week to answer any amendments.

   d. Final Dates for the Defendant to Amend Pleadings or to Join Parties. The Parties have agreed that the final dates for Defendant to amend pleadings or to join parties shall be January 6, 2012. The Plaintiff shall have one week to answer any amendments.

   e. Final Dates to File Dispositive Motions. The Parties have agreed that the final dates for each respective party to file dispositive motions shall be January 23, 2011.

   f. State the Prospects for Settlement. The Parties have been unable to reach settlement at this time, but have agreed to continue to work toward an agreement as the discovery process continues.

   g. Identify any Alternative Dispute Resolution Procedure that may Enhance Settlement Prospects. The Parties have been unable to identify alternative dispute resolution procedures that may enhance settlement prospects at this time, but have agreed to continue to work toward identifying such procedures as the discovery process continues.

   h. Final Dates for Submitting Rule 26(a)(3) Witness Lists, Designations of Witnesses Whose Testimony Will Be Presented by Deposition, and Exhibit Lists. The Parties agreed that the final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition and exhibit lists shall be January 27, 2011.

i. Final Dates to File Objections under Rule 26(a)(3). The Parties agreed that the final dates to file objections under Rule 26(a)(3) shall be February 10, 2012.

j. Suggested Trial Date and Estimate of Trial Length. The Parties agreed that the proposed trial date shall be February 20, 2012 and that the trial shall last no more than three days.

k. Other Matters. The Parties agreed that any matter each respective party wishes to revisit may be revisited before or on the date of the scheduling conference with the Court. The Parties also agreed to the following:

   i. All electronic information shall be turned over to the respective adversary in a "reasonably readable format," with a preference for TIFF, TXT or HTML formats.

   ii. Any e-mail produced shall include all attachments to that specific e-mail in a manner such that the party receiving the e-mail may reasonably determine which attachment belongs to which attendant e-mail. Any attachment produced shall include the parent e-mail and any other attachment to that parent e-mail.

   iii. Each document shall have a production number consisting of a prefix followed by a number. Documents produced by the Plaintiffs shall use the prefix SK followed by a number (i.e. SK-001). Documents produced by the Defendant shall use the prefix BB followed by a number (i.e. BB-001). The prefix for documents originating from third parties will be represented by letters to be determined at a later time upon agreement by the Parties.

   iv. The production of electronic data by the Parties shall include "procedural" metadata to the extent that information is not subject to privilege. By procedural metadata, the Parties refer to information such as the date the document had been created or the person who created it, as opposed to the substantive changes which have been made to the document's contents. Any metadata regarding substantive changes will not be discoverable.

   v. The Parties agreed that with respect to discoverable e-mails, the entire e-mail family shall be produced, meaning that when a party provides an e-mail responding to someone else, both the response and the original e-mail should be presented. In other words, the entire e-mail conversation between two individuals must be included in the discovery documents provided to the other party.

   vi. The Parties reserve the right to call back privileged information accidentally turned over to opposing counsel, so long as the party which received the privileged information is notified by January 23, 2012.

4

1. In the event of a dispute over a specific matter, the Parties agreed to extend deadlines to the extent the Court shall take time to rule upon such specific matter.

Date:  Brooklyn, New York
       August 3, 2011

                                    Respectfully submitted,

                                    THE LAW OFFICE OF ANTAR P. JONES

                              By:   /s/   Antar P. Jones
                                    Antar P. Jones (AJ 8567)
                                    444 Grand Avenue, #1
                                    Brooklyn, NY 11238
                                    e-mail: antar@antarlaw.com
                                    Telephone (718) 636-2270
                                    Facsimile (718) 636-2272

                                    *Attorney of Record for Plaintiffs*

Date:  New York, New York
       August 3, 2011

                                    THE SULIMANI LAW FIRM

                              By:   /s/   Natalie Sulimani
                                    Natalie Sulimani (NS 2015)

                                    Natalie Sulimani (NS 2015)
                                    Ben Nahoum (BN 2015)
                                    116 West 23rd Street, Ste. 500
                                    New York, NY 10011
                                    212.863.9614 Tel
                                    718.228.8739 Fax

                                    *Attorneys for Defendant*

5